**WO**

**николN FOR PUBLICATION**

# NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nancy Walraven, | No. CV 06-0864-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Mark Everson, Secretary of the Department of the Treasury, | |
| Defendant. | |

The court has before it defendant's motion to dismiss (doc. 16), plaintiff's response (doc. 18) and defendant's reply (doc. 20). Plaintiff alleges that she was subjected to "discrimination . . . based on mental disability and sexual orientation" during the course of her employment with the Internal Revenue Service ("IRS"). Complaint (doc. 1) at 1. Both parties contend that plaintiff's sexual orientation discrimination claim alleges a Title VII violation. See Motion to Dismiss at 2; Response at 1. This is the only claim defendant moves to dismiss. Motion to Dismiss at 3 n.2. For the reasons stated below, we grant defendant's motion.

Although plaintiff's Title VII claim is labeled "sexual orientation" discrimination, it seeks damages for "a sexually hostile work environment." Complaint at 4. Plaintiff alleges she was subjected to conduct "sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create a sexually abusive or hostile work environment." Id.

Defendant moves for dismissal pursuant to Rule 12(b)(6), Fed. R. Civ. P., arguing that "a straight forward [sic] allegation of discrimination premised on sexual orientation" is excluded from Title VII's purview. Motion to Dismiss at 6.

Sexual harassment in the form of a hostile work environment is sex discrimination in violation of Title VII. Nichols v. Azteca Rest. Enters., 256 F.3d 864, 871 (9th Cir. 2001). The fact that a harasser "is, or may be, motivated by hostility based on sexual orientation . . . neither provides nor precludes a cause of action." Rene v. MGM Grand Hotel, Inc., 305 F.3d 1061, 1063-64 (9th Cir. 2002). However, workplace harassment, even between men and women, is not per se discrimination because of sex "merely because the words used have sexual content or connotations." Oncale v. Sundowner Offshore Servs., 523 U.S. 75, 80, 118 S. Ct. 998, 1002 (1998). " 'The critical issue, Title VII's text indicates, is whether members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed.' " Id. (citation omitted).

Plaintiff alleges that she was discriminated against after a manager at the Internal Revenue Service "found out about her sexual orientation." Complaint at 2. She also contends that she "was subjected to insults, jokes or other verbal comments." Id. at 4. Yet plaintiff does not allege that she was exposed to disadvantageous terms or conditions of employment to which men were not exposed. We agree with defendant that an allegation of discrimination premised on sexual orientation does not on its own state a Title VII claim. Plaintiff's failure to allege discrimination because of sex is a fatal flaw. Therefore, we grant defendant's motion on this ground, and need not reach defendant's alternative dismissal argument.[1]

Finally, we address plaintiff's request for leave to amend to assert "a legal theory on the retaliation claim" because "[d]efendants began treating Plaintiff differently when she

---

[1] The holding in Rene v. MGM Grand Hotel, Inc. does not alter our conclusion. Although the Rene plaintiff believed he was targeted because of his sexual orientation, see 305 F.3d at 1066, he alleged that he "was discriminated against because of my sex, male" and that "my sex, male, was a factor in the adverse treatment I received." Id. at 1064.

1 asserted her rights under the ADA and created an [sic] hostile work environment." <u>Response</u>
2 at 4. A party who moves for leave to amend "must attach a copy of the proposed amended
3 pleading as an exhibit to the motion." LRCiv 15.1(a). We do not grant plaintiff leave to
4 amend because she has failed to attach a copy of her proposed amended complaint. Without
5 the proposed amended complaint, we are unable to determine in what respect it differs from
6 plaintiff's original pleading, and cannot assess the merits of defendant's opposition to
7 plaintiff's request, <u>see</u> <u>Reply</u> at 3-4.

8 **THEREFORE, IT IS ORDERED GRANTING** defendant's motion to dismiss (doc.
9 16). **FURTHERMORE, IT IS ORDERED DENYING** plaintiff's request for leave to
10 amend (doc. 18).

11 DATED this 29th day of June, 2007.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge