WO

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Nancy Walraven, | ) | No. CV 06-0864-PHX-FJM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Henry M. Paulson, Secretary of the Department of the Treasury, | ) | |
| Defendant. | ) | |

The court has before it defendant's motion for summary judgment (doc. 46), plaintiff's response (doc. 52), and defendant's reply (doc. 58). Defendant moves for summary judgment on plaintiff's claim under the Rehabilitation Act, 29 U.S.C. § 794, the only claim remaining in this action.[1] For the reasons discussed below, we grant defendant's motion (doc. 46).

---

[1] Although plaintiff's complaint states a claim under the Americans with Disabilities Act, 42 U.S.C. § 12132, the parties appear to agree that the claim properly falls under the Rehabilitation Act, which applies to any program receiving federal financial assistance. 29 U.S.C. § 794. See DSOF ¶ 23 n.3. The standards used to evaluate violations of the ADA are the same as those applied to claims under the Rehabilitation Act. See 29 U.S.C. §§ 791(g), 794(d).

Plaintiff worked as a tax resolution representative ("TRR") for the Department of the Treasury. On April 22, 2004, she submitted a request for reasonable accommodation, alleging that she suffered from "severe anxiety disorder, PTSD, [and] clinical depression." DSOF, Ex. 7. She requested that she be placed in a position of "non-public contact in [a] quiet[,] comfortable setting." Id. In support of her request, she submitted a letter from her treating psychiatrist, Dr. John H. Jarvis, stating that "[f]or her emotional well-being, I recommend that Ms. Walraven not be required to have direct contact with the public in her present job." DSOF, Ex. 8. The IRS also received medical statements from plaintiff's treating psychiatrist, Dr. Lawrence Martin, dated June 24, 2004, in which he stated that plaintiff "remains . . . disabled from the workplace because of profound anxiety," and that her "return to work time is indefinite." DSOF, Ex. 10. Plaintiff's request for accommodation was denied on July 1, 2004. She then filed an application for disability retirement benefits on July 4, 2004. On July 11, 2005, she separated from the Treasury Department.

After an initial denial of disability benefits by the Office of Personnel Management, on December 29, 2005, the Merit Systems Protection Board concluded that plaintiff was "unable to render useful and efficient service in her position because of her medical conditions, and she is entitled to disability retirement benefits." DSOF, Ex. 21 at 5.

The Rehabilitation Act protects a "qualified individual with a disability" from discrimination solely because of her disability in any program receiving federal financial assistance. 29 U.S.C. § 794(a). To establish a prima facie case under the Act, plaintiff must demonstrate that 1) she is "disabled" within the meaning of the Act; (2) she is otherwise qualified for employment; and (3) the defendant discriminated against her because of her disability. Walton v. U.S. Marshals Serv., 492 F.3d 998, 1005 (9th Cir. 2007). Defendant assumes, for purposes of the motion for summary judgment, that plaintiff has established prongs one and three of the prima facie case. Therefore, the only issue before us is whether plaintiff can show that she is an "otherwise qualified individual with a disability."

A "qualified individual" is "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." Bates v. United Parcel Serv., Inc., 511 F.3d 974, 989 (9th Cir. 2007) (quoting 42 U.S.C. § 12111(8)); see also 29 C.F.R. § 1630.2(m). "Essential functions" of a job are the "fundamental job duties of the employment position the individual holds or desires. 29 C.F.R. § 1630.2(n)(1).

Defendant argues that plaintiff cannot establish her prima facie case of discrimination because, by her own admissions and those of her physicians, she cannot perform the essential functions of the TRR position. TRRs are required to serve as "the point of contact when the customer desires a face-to-face meeting," provide taxpayer assistance, advise and educate taxpayers, answer questions about taxpayer accounts, tax bills or notices. DSOF, Ex. 2. Defendant contends that because the primary function of plaintiff's position requires her to regularly interact with the public, often in stressful situations, her inability to interact with the public establishes that she cannot perform the essential functions of her position and warrants summary judgment in defendant's favor.

Plaintiff does not dispute that an essential function of the TRR position requires tax employees to frequently engage with the public. Nor does she dispute that she is unable to perform this function. Instead, she claims that defendant was obligated by way of reasonable accommodation to reassign her to a position of "non-public contact in [a] quiet[,] comfortable setting," and that the failure to do so constitutes a violation of the Rehabilitation Act.

We reject defendant's argument that it had no obligation to accommodate plaintiff because she was unable to perform the essential functions of the TRR position. This argument ignores the definition of "qualified individual," which provides that a disabled individual is otherwise qualified if she can perform the essential functions of the position she "holds or desires . . . *with or without reasonable accommodation.*" 29 C.F.R. § 1630.2(m) (emphasis added). It also ignores the requirement that in certain circumstances, the "duty of

- 3 -

reasonable accommodation includes . . . the duty to reassign an employee to a vacant position." McLean v. Runyon, 222 F.3d 1150, 1153 (9th Cir. 2000); see also 42 U.S.C. § 12111(9)(B). The relevant inquiry in the present case is whether plaintiff could perform the essential functions of any job.

By her own admission, as well as the medical documentation on record, plaintiff was disabled and unable to perform any work. On July 4, 2004, three days after she was denied her request for reasonable accommodation, she filed a claim for disability retirement benefits with the Office of Personnel Management. In support of her claim, she presented evidence that she "could drive only short distances and avoided . . . groups of greater than three people[,] . . . suffered symptoms of panic attacks, palpitations, flushing, shortness of breath, a profound sense of dread and the need to flee the situation," particularly in the workplace setting. DSOF, Ex. 21 at 3. Her treating physician stated that she is "disabled from the workplace because of profound anxiety." Id. at Ex. 10. Moreover, plaintiff testified at a hearing before the Merit Systems Protection Board that she was unable to return to work. Id. at 4. The Board concluded that plaintiff had established that "her medical conditions prevent her from performing the duties of a [TRR] because she is not able to function at the worksite as required . . . accommodation was not an option." Id. at 5.

Defendant argues that plaintiff should be judicially estopped from seeking relief under the Rehabilitation Act given the contradictory assertions made in support of her disability claim. There is no automatic estoppel, however, simply because an ADA plaintiff has also sought and received disability benefits. See Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 797, 119 S. Ct. 1597, 1600 (1999). It is true that assertions of total disability "will appear to negate an essential element of her ADA case." Id. at 806, 119 S. Ct. at 1603. However, a plaintiff can avoid this inconsistency and survive a motion for summary judgment by "proffer[ing] a sufficient explanation" as to warrant a reasonable juror's conclusion that, notwithstanding the claim of total disability, she "could nonetheless perform the essential functions of her job, with or without reasonable accommodation." Id. at 806-07,

1 | 119 S. Ct. at 1603-04 (quotations omitted).  A plaintiff cannot survive summary judgment,
2 | however, by "simply ignor[ing] her . . . contention that she was too disabled to work."  Id.
3 | at 798, 119 S. Ct. at 1600.

Here, plaintiff makes no attempt to reconcile the inconsistency between her disability claim and her argument that defendant violated the Rehabilitation Act by failing to assign her to a different position.  Instead, she "simply ignores" defendant's argument.[2]  In doing so, she has failed to establish an essential element of her claim, namely that she is a qualified individual who can perform the essential functions of her employment position, either with or without accommodation.

Therefore, **IT IS ORDERED GRANTING** defendant's motion for summary judgment (doc. 46).  The clerk shall enter final judgment.

DATED this 21st day of May, 2008.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

---

[2] Plaintiff's failure to respond to defendant's argument regarding the contradiction raised by her disability claim "may be deemed a consent to the . . . granting of the motion" and serves as an alternative basis upon which summary judgment is granted.  See LRCiv 7.2(i).

- 5 -